IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TIMOTHY JACOB BARR,

       *Plaintiff,*

v.                                 **Case No.: 1:25cv323-MW/ZCB**

CROSS CITY, FLORIDA, et al.,

       *Defendants.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 17, and has also reviewed *de novo* Plaintiff's objections, ECF No. 22. The Magistrate Judge recommends dismissal of Counts IV through IX in the third amended complaint for failure to state a plausible claim for relief. Having reviewed the allegations of the third amended complaint, *de novo*, the report and recommendation and Plaintiff's objections, this Court agrees with the Magistrate Judge that Counts IV through IX fail to state plausible claims for relief.

Starting with Count IV, which Plaintiff identifies as a claim under the due process clause of the Fourteenth Amendment for "Deficient Investigation," ECF No. 14 at 19–20, Plaintiff alleges that Defendant Roberts, the jail administrator, violated Plaintiff's right to due process by producing a deficient report regarding the excessive force incident involving Plaintiff, which included contradictory and

fabricated evidence, and Defendant Valentine then approved the report without independent review. The Magistrate Judge recommends the dismissal of this claim as there is no constitutional right to an investigation. Plaintiff objects because (1) Judge Bolitho cites a prior case of his as additional support for the legal principle that there is no constitutional right to an investigation and (2) this claim is actually a fabrication-of-evidence claim under the standard articulated in *Devereaux v. Abbey*, 263 F. 3d 1070 (9th Cir. 2001). ECF No. 21 at 6–7. First, there is no error in a judge citing his or her prior decision as additional support for a stated legal principle. Moreover, Plaintiff ignores the Eleventh Circuit decision Judge Bolitho also cited which appears to be on all fours with the principle that there is no constitutional right to an investigation of an excessive force complaint. *See* ECF No. 17 at 10 (citing *Vinyard v. Wilson*, 311 F. 3d 1340, 1356 (11th Cir. 2002)).

In addition, Plaintiff cannot amend his complaint by filing objections and reformulating the legal theories upon which he bases his claims. But even if this Court could liberally construe Plaintiff's claim for "deficient investigation" as, instead, a claim for "fabrication of evidence," the allegations he cites in support of Count IV do not give rise to a claim that Defendants Roberts and Valentine violated Plaintiff's due process rights by fabricating incriminating evidence against him. *See Riley v. City of Montgomery, Ala.*, 104 F. 3d 1247, 1253 (11th Cir. 1997) (noting that it was well established that fabricating incriminating evidence could give rise to

liability under section 1983 as a violation of due process right to fair trial). Count IV is due to be dismissed.

As for Count V, Plaintiff attempts to state a claim for supervisory liability against the Chief of Police, Defendant King, and the Sheriff of Dixie County, Defendant Butler. In his objections, Plaintiff insists this claim is only about these Defendants' deliberate indifference to Defendants Meekins's and Chapman's actions when they allegedly beat Plaintiff unconscious in the Dixie County Jail. ECF No. 21 at 7. But inasmuch as Defendant King is the Chief of Police and does not employ or supervise Defendants Meekins and Chapman, the claim against him fails. Moreover, this Court agrees with the Magistrate Judge's recommendation that any claim against King based on his failure to investigate the threats that a private citizen made against Plaintiff is also due to be dismissed.[1]

As for Plaintiff's claim for supervisory liability against Defendant Butler, Plaintiff contends that Defendant Butler's inaction in the face of months of complaints from Plaintiff regarding the alleged excessive force in January 2023 amounts to deliberate indifference. To start, Plaintiff "has no substantive right of any kind to an investigation of [his] excessive force complaint by the Sheriff's Office, much less one created by the Constitution." *Vinyard*, 311 F.3d at 1356. Moreover,

---

[1] Plaintiff has now disavowed such a claim in his objections. *See* ECF No. 21 at 7 ("The supervisory liability claim against Butler and King is not about protecting Plaintiff from Brunet.").

insofar as Plaintiff now attempts to morph his Fourteenth Amendment claim for supervisory liability into a deliberate indifference claim on some failure-to-protect theory, Plaintiff's factual allegations fail to give rise to a plausible inference the Defendant Butler's inaction with respect to records requests following complaints about the alleged excessive force in fact caused the excessive force to happen. Count V is due to be dismissed in toto.

Next, Counts VI and VII attempt to allege municipal liability against Dixie County and Cross City, respectively. The Magistrate Judge recommends dismissal of both claims as Plaintiff has failed to allege an underlying constitutional violation, because both claims depend on allegations that the lack of procedures or policies for maintaining public records and responding to record requests somehow violates Plaintiff's constitutional rights.

In response, Plaintiff asserts his claims also encompass the alleged excessive force that constitutes an underlying constitutional violation to support municipal liability. ECF No. 21 at 10. But, again, Plaintiff's objections are not a mechanism by which to amend his complaint. Count VI, as alleged in the third amended complaint, only asserts that the County is liable for having "(A) no transparent public records custodian; (B) no written video retention policy; (C) no independent internal affairs structure." ECF No. 14 at 20. And Count VII, as alleged in the third amended complaint, only asserts that the City is liable for having "(A) no public records

custodian; (B) no written public records policies or procedures; (C) no written policy or procedures on internal affairs." *Id*. at 21. Both of these counts incorporate factual allegations that pertain solely to Plaintiff's attempts to file complaints or requests for information following the alleged excessive force that occurred in January 2023. Neither claim includes any factual allegation that would give rise to municipal liability for excessive force. *See Fundiller v. City of Cooper City*, 777 F. 2d 1436, 1443 (11th Cir. 1985) ("The complaint states that the City of Cooper City has a custom of allowing the use of excessive force. If established, this allegation provides the requisite fault on the part of the city, as a persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing a 'custom' within the meaning of *Monell*."). Contrary to Plaintiff's suggestion, *Fundiller* does not stand for the proposition that the "failure to investigate citizen complaints can be the basis for *Monell* liability." ECF No. 21 at 12. Instead, as noted above, the plaintiff in *Fundiller* based his claim for municipal liability on the alleged excessive force, which he alleged the city had a custom of allowing the use of excessive force. Plaintiff did not make similar allegations in the case before this Court. Accordingly, both claims are due to be dismissed.

With respect to Count VIII, Plaintiff alleges a claim titled "First Amendment: failure to produce records," ECF No. 14 at 21, which he bases entirely on the premise that the several named Defendants "failed to produce" records pursuant to specific

records requests. The Magistrate Judge recommends dismissal because Plaintiff cannot proceed on a constitutional claim the alleged failure to provide Plaintiff with the sought records inasmuch as there is no First Amendment right to public information. ECF 17 at 10. In response, Plaintiff concedes there is no First Amendment right to public records but asserts the Magistrate Judge failed to address his Fourteenth Amendment due process claim at issue in Count VIII. ECF No. 21 at 14. But, again, Plaintiff cannot amend his complaint by filing objections. The third amended complaint plainly states that Count VIII is premised on the First Amendment and the alleged failure to produce records. Plaintiff makes no mention of the Fourteenth Amendment, nor could one liberally construe Count VIII to include a due process claim based on the fabrication of evidence. Accordingly, this claim is also due to be dismissed.

As for Count IX, Plaintiff alleges a Fourteenth Amendment failure-to-intervene claim against Defendant Brenda Timmons based on the allegations that Defendant Timmons was aware of what had happened to Plaintiff during the events giving rise to Plaintiff's claim for excessive force but she had later refused to come forward because she allegedly said she did not want to get involved. The Magistrate Judge recommends dismissal inasmuch as there are no allegations suggesting Defendant Timmons was ever in a position to intervene during Plaintiff's arrest and subsequent alleged beating. This Court agrees. Plaintiff essentially concedes that the

6

facts, as alleged, do not fit within the "traditional failure-to-intervene-during-force claim" framework. ECF No. 21 at 16. Moreover, Plaintiff identifies no authority that supports his theory that the failure to come forward as a witness after-the-fact gives rise to a failure-to-intervene claim. Liability for the failure to intervene to stop police brutality only arises when the defendant "is in a position to intervene and fails to do so." *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924–25 (11th Cir. 2000). Accordingly, Count IX is also due to be dismissed.

Finally, this Court rejects the balance of Plaintiff's objections, which suggest that the Magistrate Judge has not adequately reviewed his filings or somehow manufactured a pleading trap by holding Plaintiff to the page limit for *pro se* complaints. Plaintiff's argument that his failure to include any claims against Defendants Lea and Dorman is based on the Magistrate Judge's failure to permit him to exceed the page limit is belied by the record—for example, Plaintiff used up pages of his third amended complaint pursuing a First Amendment claim that was due to be dismissed and which the Magistrate Judge had previously notified Plaintiff was not feasible as an independent constitutional claim.

In short, this Court has independently reviewed Plaintiff's allegations in the third amended complaint and concludes that Counts IV through IX are due to be dismissed for failure to state plausible claims for relief.

Accordingly,

7

**IT IS ORDERED**:

The report and recommendation, ECF No. 17, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Counts IV through IX are **DISMISSED for failure to state a plausible claim for relief**. Count I against Defendants Meekins and Chapman, Count II against Defendant Dehart, and Count III against Defendant Meekins are permitted to proceed. This case is referred back to the Magistrate Judge for further proceedings.

**SO ORDERED on March 27, 2026.**

**s/Mark E. Walker**
**United States District Judge**

8