UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TIMOTHY JACOB BARR,
     Plaintiff,

vs.                                 Case No.: 1:25cv323/MW/ZCB

CORRECTIONS OFFICER
MEEKINS, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's "Motion for Preliminary Injunction and Protective Order Regarding Ongoing Interstate Stalking and Law Enforcement Non-Response." (Doc. 36). For the reasons below, the motion should be denied.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit can be resolved. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). "This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint." *Hernandez v. Fla. Dep't of Corr.*, No. 3:05CV39, 2005 WL 1684419, at *1 (N.D. Fla. June 29, 2005),

1

*adopted*, No. 305CV39, 2005 WL 1876159 (N.D. Fla. Aug. 4, 2005) (cleaned up).

Here, Plaintiff's request for a preliminary injunction is not sufficiently related to the underlying claims in his third amended complaint. Plaintiff seeks a preliminary injunction that would: (1) prohibit a non-party (Florent Brunet) from coming within a reasonable distance of Plaintiff; (2) direct law enforcement to take reasonable steps to act on Plaintiff's reports; (3) direct all parties to preserve all related evidence of the alleged stalking; and (4) authorize Plaintiff to supplement the record with documentation of future incidents. (Doc. 36 at 4). The alleged stalking conduct discussed in the motion for preliminary injunction appears to have occurred in Tennessee during 2025. (*Id.* at 2).

Plaintiff's third amended complaint, however, involves allegations of excessive force by law enforcement that occurred in Dixie County, Florida in January of 2023. (Doc. 14 at 10). Because Plaintiff's motion for a preliminary injunction is based on different conduct that occurred at a different time and in a different place than the conduct alleged in the third amended complaint, Plaintiff's motion should be denied. *See Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at

2

*2 (M.D. Fla. June 15, 2020), *adopted*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because Plaintiff's request for an injunction was not related to the underlying claims in his complaint); *see also Bethel v. Town of Loxley*, No. 04-0373, 2006 WL 8437738, at *2 (S.D. Ala. Mar. 15, 2006) (denying motion for preliminary injunction because the motion was based on an incident that "is not one of the incidents included in plaintiffs' amended complaint").

Plaintiff's motion should also be denied because it seeks preliminary injunctive relief against non-parties to this action. Plaintiff named fifteen Defendants in this action, and the Court dismissed twelve of them. (Doc. 14; Doc. 24). The only Defendants that remain are Meekins, Dehart, and Chapman. (Doc. 24). Yet, in his motion, Plaintiff seeks a preliminary injunction against other individuals and entities who are not parties to this action. (Doc. 36 at 4). The Court lacks the authority to issue a preliminary injunction against non-parties. *See Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding that the district court could not grant an injunction against a non-party); *see also In re Infant Formula Antitrust Litig., MDL 878 v.*

*Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming district court's denial of a preliminary injunction against a non-party).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Preliminary Injunction and Protective Order Regarding Ongoing Interstate Stalking and Law Enforcement Non-Response" (Doc. 36) be **DENIED**.

At Pensacola, Florida this 6th day of May 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**<u>Notice to the Parties</u>**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.